SAM W. TAYLOR, Judge.
On March 3, 1983, a Calhoun County Circuit Court jury found the appellant guilty of sodomy in the first degree. He was sentenced to life without parole under the Habitual Offender Act.
The sole issue presented on appeal is whether or not enough evidence was presented by the state to sustain a conviction of sodomy in the first degree. Section 13A-6-63, Code of Alabama 1975, reads in part as follows:
“(a) A person commits the crime of sodomy in the first degree if:
(1) He engages in deviate sexual intercourse with another person by forcible compulsion ...”
Specifically, appellant claims the element of “forcible compulsion” was not proven.
A brief summary of the facts presented by the state includes the following:
On May 5, 1982, inmate Tony Bethune, a resident of the Calhoun County Jail, approached some of the other inmates who were confined within the jail’s “bull pen.” He asked them if they wanted to “buy” Robert Fegans’s body and several of them agreed. The appellant, James Brown, then paid $2 to Bethune. Fegans was then slapped by Bethune and told to “get with it.” Fegans understood that he was being asked to submit to sodomy since he had witnessed another inmate being sodomized earlier that day.
When the victim refused to comply with Bethune’s request that he take off his clothes and go into the shower, Bethune then picked Fegans up, threw him down and began slapping and kicking him. This continued for five minutes, at the end of which time the victim tried to get up off the floor when he was again grabbed by another inmate and thrown against a wall and told to “. .. do what the man said.”
During these minutes the appellant was continually present and could see and hear everything that was going on.
Bethune then asked for someone to pass him a knife, at which time the victim went into the shower because “I didn’t want to get hurt or cut, no bad [sic] than I already was.”
The appellant then entered the shower with Fegans and sodomized him.
At trial, the statements of the medical doctor who examined Fegans after the offense was committed, supported the victim’s testimony that he had been sodomized.
We find no support whatsoever for appellant’s claim that the evidence could not sustain a finding of sodomy in the first degree.
As this court said in Johnson v. State, 405 So.2d 149 (Ala.Cr.App.1981),
“... all persons concerned in the commission of the crime, whether they directly commit the act constituting the offense, or aid and abet in its commission, must be indicted, tried and punished as principals.” (citations omitted)
The judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.